UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


ERNEST J. DAMPIER,                                            Case No. 3:21-cv-00135-AA

            Plaintiff,                                                                ORDER

      v.

MULTNOMAH COUNTY SHERIFF'S
OFFICE; OFFICER RICHARDSON;
SARGEANT BROWN; EDDIE CLIME,

           Defendants.

_____

AIKEN, District Judge.

        Plaintiff, formerly a pretrial detainee at the Multnomah County Inverness Jail (MCIJ), filed this civil rights action pursuant to 42 U.S.C. § 1983 and alleged deliberate indifference to his serious medical needs. Plaintiff alleged that his tooth broke after he bit down on a rock while eating food prepared by Aramark Food Services and that MCIJ officials failed to provide adequate or timely care for his broken tooth and resulting pain.

1   - ORDER

Defendants moved for summary judgment on plaintiff's claims, and, after plaintiff did not respond to the motions, the Court ordered plaintiff to show cause why summary judgment should not be granted. Plaintiff has not responded to defendants' motions or the Order to Show Cause. For this reason alone, dismissal of this action is warranted for lack of prosecution.

Regardless, the undisputed evidence presented by defendants refutes plaintiff's claim of deliberate indifference.

Claims brought by pretrial detainees alleging inadequate medical care are evaluated pursuant to an objective deliberate indifference standard. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Plaintiff must establish that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved…; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. An alleged delay in providing medical care must have led to "significant harm" to sustain a claim of deliberate indifference. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

No evidence suggests that any of the named defendants personally participated in the alleged deprivation of plaintiff's constitutional rights or made an intentional decision that subjected plaintiff to a serious risk of harm. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that liability under § 1983 arises upon a showing of personal participation by each defendant). According to the record before the Court, MCIJ officials and Aramark employees responded to plaintiff's complaints about the rock found in his food, and plaintiff received timely medical care for his broken tooth and pain, including an expedited dental visit. *See* Weiner Decl. Exs. 1 & 2 (ECF No. 31) (filed under seal). These undisputed facts do not establish the reckless disregard of plaintiff's health or safety.

<u>CONCLUSION</u>

Defendants' Motions for Summary Judgment (ECF Nos. 24, 28) are GRANTED, and defendant Climer's Motion to Dismiss (ECF No. 26) is DENIED as moot. This action is DISMISSED.

IT IS SO ORDERED.

DATED this  7th  day of April, 2022.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge

3    - ORDER